IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STATE OF OREGON,

        Plaintiff,

v.

JOHN NORMAN RYAN,

        Defendant.

Case No. 3:14-po-00001-HZ-1

ORDER TO REMAND

HERNANDEZ, District Judge.

This criminal action comes before the court as a result of defendant's January 30, 2014 Notice of Removal purporting to remove his criminal proceedings from the Multnomah County Circuit Court. Defendant alleges that he cannot receive a fair trial in Multnomah County on the pending charge of violating a stalking protective order.

## STANDARDS

A federal district court is empowered to establish subject matter jurisdiction over a removed action *sua sponte*. *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967

1 - ORDER TO REMAND

(9th Cir. 2004). There is a strong presumption against removal, and defendant has the burden of establishing that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 466 (9th Cir. 1992) (per curiam). If removal would not be proper, the court is bound to "make an order for summary remand." 28 U.S.C. § 1455(b)(4).

## DISCUSSION

Defendant claims that, after what appears to be a fairly convoluted procedural history including time spent as a patient at the Oregon State Hospital, he pleaded guilty to one felony count of violating a stalking protective order on September 13, 2012. He characterizes this as an illegally induced guilty plea that resulted in a three year probationary term which, if successfully served, would result in his felony conviction reverting to a misdemeanor.

Defendant claims that he has now been arraigned in the Multnomah County Circuit Court with respect to new criminal charges for having violated the stalking order. He asks the court to remove this action because there is little chance he will receive a fair trial in state court. Specifically, he argues that: (1) there has been "outrageous police conduct" and "circulation of hidden medical records outside due process of law[;]" (2) the trial judge already determined, in a pre-trial hearing and in the absence of any evidence, that defendant made contact with the victim; and

2 - ORDER TO REMAND

(3) the contact at issue in this case is protected by the First Amendment.

Defendant's Notice of Removal is principally brought pursuant to 28 U.S.C. § 1455. That statute provides only a procedural mechanism for a district court to follow in either removing a criminal case or remanding it and does not identify any substantive grounds germane to removal. Defendant does, however, also claim to be relying upon:

> the reasoning and common law bases for removal of criminal actions under the analogous 28 U.S.C. § 1443 statutes, except that the federal statute broken by the formal application of state law is not the civil rights act. Rather it is abridg[e]ment of civil rights according to both the federal question supplied by a 42 U.S.C. § 1983 claim . . . and precedented violations of . . . the Constitutional Rights of Incarcerated Persons Act, 42 U.S.C. §§ 1997, 12132. . . .

Notice of Removal (#1), p. 21.

A defendant who wishes to remove his criminal case to federal court pursuant to § 1443 must satisfy the following two part test: "First, the [defendants] must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights," and "Second, [defendants] must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Patel v.*

3 - ORDER TO REMAND

*Del Taco*, 446 F.3d 996, 998-99 (9th Cir. 2006) (citing *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970).

Defendant neither asserts that his case involves equal racial civil rights, nor does he identify any state law prohibiting such civil rights. Consequently, § 1443 does not support removal. Even assuming defendant could potentially cure these deficiencies, he is not entitled to do so. *See* 28 U.S.C. § 1455(b)(2) (failure to state grounds that exist at the time removal notice is filed shall constitute a waiver of such grounds). Accordingly, the court remands this case to the Multnomah County Circuit Court for all further proceedings.

## CONCLUSION

Pursuant to 28 U.S.C. § 1455(b)(4), this case is summarily REMANDED to the Multnomah County Circuit Court for all further proceedings and the Clerk of Court is DIRECTED TO CLOSE this file.

IT IS SO ORDERED.

DATED this 2 day of FEBRUARY ~~January~~, 2014.

_____
Marco A. Hernandez
United States District Judge